# Exhibit A

BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JAMIESON N. POE, ESQ.
Nevada Bar No. 008228
**STEPHENSON & DICKINSON, P.C.**
2820 West Charleston Boulevard, Suite B-17
Las Vegas, Nevada 89102
Telephone: (702) 474-7229
Facsimile: (702) 474-7237
*email: admin@sdlawoffice.net*

*Attorneys for Defendant*
*Horizon Global Americas, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ELVIRA MELENDEZ, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>HORIZON GLOBAL AMERICAS, INC.; ROE 1 – Trailer Manufacturer; ROE 2 – Hitch Manufacturer; DOES II-X, inclusive; and ROE CORPORATIONS IV-X, inclusive,<br><br>Defendants. | Case No.<br><br>District Court Case No. A-18-784890-C<br><br>**INDEX OF PLEADINGS FROM STATE COURT ACTION** |

The following is an index of all pleadings, process and any orders entered by the State Court in Case No.: A-18-784890-C in the above matter: Elvira Melendez v. Maikel Torres Garcia, Jose Ravelo Rodrigue, Rafael Construction, Inc., FCA US LLC, Horizon Global Americas, Inc., in the Eighth Judicial District Court, Clark County, Nevada:

/ / /

/ / /

/ / /

/ / /

| No. | Name of Document | Date Filed |
|---|---|---|
| 1. | Plaintiff's State Court Complaint | 11/21/18 |
| 2. | Initial Appearance Fee Disclosure | 11/21/18 |
| 3. | Summons re: Rafael Construction Inc. | 11/28/18 |
| 4. | Additional Summons re: Maikel Torres Garcia | 11/28/18 |
| 5. | Additional Summons re: FCA US LLC. | 11/28/18 |
| 6. | Affidavit of Service re: FCA US LLC. | 12/04/18 |
| 7. | Affidavit of Service re: Rafael Construction Inc. | 12/04/18 |
| 8. | Affidavit of Service re: Maikel Torres Garcia | 12/05/18 |
| 9. | Defendant Rafael Construction, Inc.'s Answer to Complaint | 12/11/18 |
| 10. | Initial Appearance Fee Disclosure | 12/11/18 |
| 11. | Demand for Jury Trial | 12/11/18 |
| 12. | Request for Exemption from Arbitration | 12/14/18 |
| 13. | Defendant Maikel Torres Garcia's Answer to Complaint | 12/20/18 |
| 14. | Defendant Maikel Torres Garcia's Demand for Jury Trial | 12/20/18 |
| 15. | Defendant Maikel Torres Garcia's Initial Appearance Fee Disclosure | 12/20/18 |
| 16. | Commissioner's Decision on Request for Exemption | 1/02/19 |
| 17. | Defendant FCA US LLC's Answer to Plaintiff's Complaint | 1/03/19 |
| 18. | Defendant FCA US LLC's Demand for Jury Trial | 1/03/19 |
| 19. | Defendant FCA US LLC's Initial Appearance Fee Disclosure | 1/03/19 |
| 20. | Defendant FCA US LLC's Notice of NRCP 7.1 Disclosure | 1/03/19 |
| 21. | Notice of Early Case Conference | 1/03/19 |
| 22. | Peremptory Challenge of Judge | 1/03/19 |
| 23. | Notice of Department Reassignment | 1/04/19 |
| 24. | Peremptory Challenge of Judge | 1/04/19 |
| 25. | Notice of Amended Early Case Conference | 1/07/19 |
| 26. | Notice of Department Reassignment | 1/17/19 |

| | | |
|---|---|---|
| 27. | Defendant FCA US LLC's Initial Rule 16.1 Disclosure Statement | 2/01/19 |
| 28. | Receipt of Copy of Defendant FCA US LLC's Initial Rule 16.1 Disclosure Statement | 2/05/19 |
| 29. | Joint Case Conference Report | 3/01/19 |
| 30. | Notice of Subpoena to Insurance Auto Auction | 3/06/19 |
| 31. | Order to Appear for Mandatory PreTrial Conference Pursuant to Rule 16 | 3/07/19 |
| 32. | Plaintiff's Notice of Taking the Deposition of Defendant Maikel Torres Garcia | 3/07/19 |
| 33. | Notice of Deposition of Custodian of Records for Insurance Auto Action | 3/13/19 |
| 34. | Subpoena Duces Tecum to Custodian of Records of Insurance Auto Auction | 3/13/19 |
| 35. | Plaintiff's First Amended Notice of Taking the Deposition of Defendant Maikel Torres Garcia | 3/15/19 |
| 36. | Plaintiff's Second Amended Notice of Taking the Deposition of Defendant Maikel Torres Garcia | 3/19/19 |
| 37. | Notice of Subpoena to Las Vegas Metropolitan Police Department | 3/19/19 |
| 38. | Subpoena to Las Vegas Metropolitan Police Department | 3/26/19 |
| 39. | Defendant FCA US LLC's Request for Telephonic Appearance by Representative, Carmen L. Dorris, at Mandatory PreTrial Conference of April 12, 2019 | 3/28/19 |
| 40. | Defendant Rafael Construction, Inc.'s Non-Opposition to Defendant FCA US LLC's Request for Telephonic Appearance by Representative Carmen L. Dorris at Mandatory Pretrial Conference | 3/29/19 |
| 41. | Plaintiff's Request that she be Permitted to Not Attend the Mandatory Pretrial Conference of April 12, 2019 | 4/01/19 |
| 42. | Stipulated Protective Order | 4/04/19 |
| 43. | Notice of Entry of Order Granting Stipulated Protective Order | 4/04/19 |
| 44. | Defendant Rafael Construction, Inc.'s Request for Telephonic Appearance by Representative Brian Wilson at Mandatory PreTrial Conference | 4/04/19 |
| 45. | Defendant FCA US LLC's Notice of Subpoenas to Medical Providers | 4/08/19 |
| 46. | Court Minutes re: Mandatory Rule 16 Conference | 4/12/19 |
| 47. | Defendant FCA US LLC's Notice of Subpoena to Las Vegas Metropolitan Police Department | 4/16/19 |
| 48. | Defendant Maikel Torres Garcia's Motion to Enforce Settlement Agreement | 4/18/19 |

| | | |
|---|---|---|
| 49. | Notice of Hearing | 4/18/19 |
| 50. | Scheduling Order | 4/24/19 |
| 51. | Order Setting Civil Jury Trial | 4/24/19 |
| 52. | Defendant FCA US LLC's Notice of Inspection of Subject Trailer Hitch and Ball | 4/26/19 |
| 53. | Plaintiff's Opposition to Defendant Maikel Torres Garcia's Motion to Enforce Settlement Agreement | 5/02/19 |
| 54. | Court Minutes regarding Status Check – Stipulation Regarding Truck and Trailer | 5/09/19 |
| 55. | Defendant Maikel Torres Garcia's Reply in Support of Motion to Enforce Settlement Agreement | 5/16/19 |
| 56. | Stipulation and Order Regarding the Preservation of Evidence | 5/20/19 |
| 57. | Defendant Rafael Construction, Inc.'s Motion for Summary Judgment | 5/20/19 |
| 58. | Notice of Entry of Stipulation and Order Regarding the Preservation of Evidence | 5/20/19 |
| 59. | Notice of Hearing | 5/20/19 |
| 60. | Stipulation and Order to Allow Plaintiff to Amend Complaint and Caption | 5/22/19 |
| 61. | Notice of Entry of Stipulation and Order | 5/22/19 |
| 62. | Amended Complaint | 5/23/19 |
| 63. | Summons-Jose Ravelo Rodrigue | 5/24/19 |
| 64. | Summons –Draw-Tite Inc. | 5/24/19 |
| 65. | Affidavit of Service – Jose Ravelo Rodrigue | 6/05/19 |
| 66. | Affidavit of Service – Draw-Tite, Inc. | 6/05/19 |
| 67. | Stipulation and Order to Dismiss Rafael Construction, Inc. Without Prejudice | 6/05/19 |
| 68. | Notice of Entry of Stipulation and Order to Dismiss Rafael Construction, Inc. Without Prejudice | 6/06/19 |
| 69. | Notice of Withdrawal of Defendant Rafael Construction, Inc.'s Motion for Summary Judgment | 6/06/19 |
| 70. | Defendant FCA US LLC's Answer to Plaintiff's Amended Complaint | 6/06/19 |
| 71. | Defendant Jose Ravelo Rodriguez's Answer to Amended Complaint | 6/12/19 |
| 72. | Initial Appearance Fee Disclosure | 6/12/19 |
| 73 | Court Minutes regarding Hearing on Motion to Enforce | 6/20/19 |

| | | |
|---|---|---|
| 74. | Defendant Maikel Torres Garcia's Motion for Determination of Good Faith Settlement | 6/21/19 |
| 75. | Notice of Hearing | 6/24/19 |
| 76. | Defendant FCA US LLC's Motion for Summary Judgment | 6/28/19 |
| 77. | Stipulation and Order to Modify Scheduling Order | 6/28/19 |
| 78. | Defendant FCA US LLC's Notice of Entry of Order Granting Stipulation and Order to Modify Scheduling Order | 6/28/19 |
| 79. | Notice of Motion | 7/01/19 |
| 80. | Notice of Hearing | 7/01/19 |
| 81. | Affidavit of Service – Draw-Tite, Inc. | 7/02/19 |
| 82. | Summons – Draw-Tite, Inc. | 7/02/19 |
| 83. | Horizon Global Americas, Inc.'s (incorrectly named as Draw-Tite, Inc.) Initial Appearance Fee Disclosure (NRS Chapter 19) | 7/26/19 |
| 84. | Horizon Global Americas, Inc.'s (incorrectly named as Draw-Tite, Inc.) Motion to Dismiss Paragraph 3 of the Prayer for Punitive Damages (Page 4, Line 2 of the Amended Complaint) Pursuant to NRCP 12(b)(5) | 7/26/19 |
| 85. | Horizon Global Americas, Inc.'s (incorrectly names as Draw-Tite, Inc.) Demand for Jury Trial | 7/26/19 |
| 86. | Notice of Hearing | 7/29/19 |
| 87. | Defendant FCA US LLC's Response to Defendant Horizon Global America, Inc.'s Request for Prior Pleadings and Discovery | 7/30/19 |
| 88. | Plaintiff's Response to Request for Prior Pleadings and Discovery | 7/30/19 |
| 89. | Notice of Withdrawal of Defendant FCA US LLC's Motion for Summary Judgment | 8/01/19 |
| 90. | Plaintiff's Opposition to Defendant Horizon Global Americas, Inc.'s (Incorrectly Named as Draw-Tite, Inc.) Motion to Dismiss Paragraph 3 of the Prayer for Relief for Punitive Damages (Page 4, Line 2 of the Amended Complaint) Pursuant to NRCP 12(b)(5) – And Countermotion for Leave to Amend the Complaint | 8/09/19 |
| 91. | Court Minutes regarding Motion for Good Faith Settlement | 8/15/19 |
| 92. | Defendant FCA US LLC's Motion for Good Faith Settlement Determination and Order Barring Further Claims | 8/15/19 |
| 93. | Notice of Hearing | 8/16/19 |

| | | |
|---|---|---|
| 94. | Order Granting Motion for Determination of Good Faith Settlement | 8/19/19 |
| 95. | Notice of Entry of Order Granting Motion for Determination of Good Faith Settlement | 8/19/19 |
| 96. | Horizon Global Americas, Inc.'s (Incorrectly named as Draw-Tite, Inc.) Reply in Support of its Motion to Dismiss Paragraph 3 of the Prayer for Relief for Punitive Damages (Page 4, Line 2 of the Amended Complaint) Pursuant to NRCP 12(b)(5) and Opposition to Plaintiff's Countermotion for Leave to Amend Complaint | 8/19/19 |
| 97. | Stipulation and Order Dismissal of Defendant Maikel Torres Garcia with Prejudice | 9/12/19 |
| 98. | Notice of Entry of Stipulation and Order for Dismissal of Defendant Maikel Torres Garcia with Prejudice | 9/12/19 |
| 99. | Court Minutes regarding All Pending Motions | 9/19/19 |
| 100. | Defendant Jose Ravelo Rodriguez's Motion for Good Faith Settlement | 9/27/19 |
| 101. | Notice of Hearing | 9/30/19 |
| 102. | Court Minutes regarding Defendant FCA US LLC's Motion for Good Faith Settlement Determination and Order Barring Further Claims | 10/10/19 |
| 103. | Order Granting Defendant Horizon Global Americas Inc.'s (Incorrectly Named as Draw-Tite, Inc.) Motion to Dismiss Paragraph 3 of the Prayer for Relief for Punitive Damages (Page 4, Line 2 of the Amended Complaint) Pursuant to NRCP 12(b)(5) | 10/10/19 |
| 104. | Notice of Entry of Order Granting Defendant Horizon Global Americas Inc.'s (Incorrectly Named as Draw-Tite, Inc.) Motion to Dismiss Paragraph 3 of the Prayer for Relief for Punitive Damages (Page 4, Line 2 of the Amended Complaint) Pursuant to NRCP 12(b)(5) | 10/10/19 |
| 105. | Order Granting Defendant FCA US LLC's Motion for Good Faith Settlement Determination of Order Barring Further Claims | 10/11/19 |
| 106. | Stipulation and Order to Replace Draw-Tite, Inc. with Horizon Global Americas, Inc. | 10/14/19 |
| 107. | Notice of Entry of Stipulation and Order to Replace Draw Tite, Inc. with Horizon Global Americas, Inc. | 10/14/19 |
| 108. | Notice of Entry of Order Granting FCA US LLC's Motion for Determination of Good Faith Settlement and Determination and Order Barring Further Claims | 10/16/19 |

| 109. | Court Minutes regarding Defendant Jose Ravelo Rodriguez's Motion for Good Faith Settlement | 11/19/19 |
|---|---|---|

DATED this 20th day of November, 2019.

STEPHENSON & DICKINSON, P.C.

By: ______________________
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
JAMIESON N. POE, ESQ.
Nevada Bar No. 008228
2820 West Charleston Boulevard, Suite B-17
Las Vegas, Nevada 89102
P: (702) 474-7229
F: (702) 474-7237
*Attorneys for Sumitomo Rubber Industries, Ltd. and Sumitomo Rubber North America, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON and that on this 20 day of November, 2019, I caused to be served a copy of the foregoing: INDEX OF PLEADINGS FROM STATE COURT ACTION on the party(s) set forth below by:

✓ Electronic service

_____ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices

✓ Case Management/Electronic Case Filing

_____ Hand Delivery – Receipt of Copy

addressed as follows:

Al Lasso, Esq.
Evan K. Simonsen, Esq.
LASSO INJURY LAW, LLC.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
al@lassoinjurylaw.com
evan@lassoinjurylaw.com
*Attorneys for Plaintiff*

G. Mark Albright, Esq.
Jorge L. Alvarez, Esq.
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT 801 South Rancho Drive, Suite D-4
Las Vegas, NV 89106
gma@albrightstoddard.com
jalvarez@albrightstoddard.com
*Attorneys for Defendant Jose Ravelo Rodriguez*

# Exhibit B

Electronically Filed
11/21/2018 12:12 PM
Steven D. Grierson
CLERK OF THE COURT

COMP

AL LASSO, ESQ.
Nevada Bar No. 8152
EVAN K. SIMONSEN, ESQ.
Nevada Bar No. 13762
**LASSO INJURY LAW, LLC.**
10161 Park Run Drive, Ste. 150
Las Vegas, NV 89145
al@lassoinjurylaw.com
evan@lassoinjurylaw.com
Tel: 702.625.8777
Fax: 702.835.6981
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ELVIRA MELENDEZ, an Individual,

Plaintiff,

v.

MAIKEL TORRES GARCIA, an Individual; RAFAEL CONSTRUCTION, INC., a Domestic Corporation; FCA US LLC, a Foreign Limited-Liability Company; ROE 1 – Trailer Manufacturer; ROE 2 – Hitch Manufacturer; DOES I-X, inclusive, and ROE CORPORATIONS III-X, inclusive,

Defendants.

CASE NO.: A-18-784890-C
DEPT NO.: Department 16

**COMPLAINT**

Comes Now, Plaintiff ELVIRA MELENDEZ, by and through her counsel of record, AL LASSO, ESQ. and EVAN K. SIMONSEN, ESQ. of LASSO INJURY LAW, LLC., and for the Plaintiff's claims for relief against the Defendants, alleges and complains against Defendants as follow:

**JURISDICTION**

1. All the events alleged in this Complaint took place in Clark County, Nevada.
2. Plaintiff, ELVIRA MELENDEZ, is, and at all times mentioned in this Complaint was, a resident of Clark County, Nevada.
3. Defendant, MAIKEL TORRES GARCIA, is, and at all times mentioned in this Complaint was, a resident of Clark County, Nevada.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

4. Defendant, RAFAEL CONSTRUCTION, INC. was, and at all times mentioned in this Complaint are, a domestic corporation doing business in Clark County, Nevada.

5. Defendant, FCA US LLC, a foreign limited-liability company (hereinafter "FCA" or "DODGE"), was, and continues to be, a Delaware Corporation duly authorized and conducting business in the County of Clark, State of Nevada. Defendant designed, manufactured, marketed, promoted, distributed and sold the vehicle that is the subject of this lawsuit. Defendant did these acts within the State of Nevada and/or directed them toward consumers in the State of Nevada.

6. The true names and capacities of the Defendants DOE I through X and the Defendants ROE I through X are unknown to Plaintiff at this time. Therefore, Plaintiff sues these Defendants by such fictitious names and when their true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff believes each of these Defendants designated as a DOE or ROE is responsible in some manner for the injuries and damages suffered by Plaintiff.

**SPECIFIC ALLEGATIONS**

7. At all times material to this Complaint, the acts and omissions giving rise to this action occurred in Clark County, Nevada.

8. On or about March 18, 2018, Plaintiff ELVIRA MELENDEZ, was a driver in a 1997 Honda Civic traveling westbound in the #1 travel lane on Lake Mead Boulevard, near the intersection with Saylor Way in Las Vegas, Nevada.

9. Defendant MAIKEL TORRES GARCIA was operating a 2012 Ram Pickup 1500 truck, towing a 12-foot open trailer, manufactured by ROE 1, connected by a hitch, manufactured by ROE 2.

10. Defendant MAIKEL TORRES GARCIA was traveling eastbound in the #1 travel lane on Lake Mead Boulevard, near the intersection with Saylor Way when his trailer became loose and unbalanced causing his trailer, loaded with lumber, to fishtail between the #1 travel lane and the center turn lane as he erratically proceeded eastbound on Lake Mead Boulevard.

11. Defendant MAIKEL TORRES GARCIA's loose trailer fish-tailed more-and-more, eventually resulting in the left side of the trailer crashing into the front left of Plaintiff's vehicle as she traveled westbound on Lake Mead Boulevard.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

12. After the crash, Defendant MAIKEL TORRES GARCIA's truck spun out of control, with his detached trailer coming to a rest facing northeast in the center turn lane while his truck came to a rest facing southwest in the eastbound travel lane of Lake Mead Boulevard.

13. The impact caused Plaintiff ELVIRA MELENDEZ's 1997 Honda Civic to spin in a northeast direction finally coming to a full rest facing southwest on Lake Mead Boulevard.

14. Due to the high velocity impact, causing significant property damage to Plaintiff's vehicle, Plaintiff ELVIRA MELENDEZ suffered incapacitating injuries to her body at the scene of the collision and had to be extracted from her 1997 Honda Civic by mechanical means.

15. Following the crash, an on-site investigation was performed by Officer Fernandez, ID#13997 of the Las Vegas Metropolitan Police Department; Defendant MAIKEL TORRES GARCIA was cited for failure to maintain his vehicle within a single lane.

16. Upon information and belief, on or about March 18, 2018, Defendant MAIKEL TORRES GARCIA was an agent and/or employee of Defendant RAFAEL CONSTRUCTION, INC. acting within the course and scope of his employment, thereby making Defendant RAFAEL CONSTRUCTION, INC. vicariously and legally responsible for the negligent conduct of Defendant MAIKEL TORRES GARCIA as alleged in this Complaint.

17. At all times mentioned, Defendant FCA US LLC (hereinafter "FCA"), did business in the State of Nevada, and were the designers, manufactures, distributor and sellers of the 2012 Ram Pickup 1500 truck, including component parts, vehicle identification number 1C6RD6FP7CS302811, hereinafter referred to as the "subject vehicle".

18. As a direct and proximate result of the defects in the subject vehicle and the negligence of the Defendants, Plaintiff suffered incapacitating injuries, including bodily injury, pain, and suffering.

**FIRST CAUSE OF ACTION – NEGLIGENCE**

**(DEFENDANTS MAIKEL TORRES GARCIA AND RAFAEL CONSTRUCTION)**

19. Plaintiff re-allege paragraphs 1 through 18 as though fully set forth herein.

20. Defendant MAIKEL TORRES GARCIA owed Plaintiff a duty to use due care in maneuvering his vehicle, a duty to drive in a reasonably safe manner, and a duty to maintain his vehicle and attached trailer in his travel lane.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

21. Because Defendant MAIKEL TORRES GARCIA did not use due care in maneuvering his vehicle, failed to drive in a reasonably safe manner, and failed to maintain his trailer and vehicle within his travel lane, Defendant MAIKEL TORRES GARCIA breached that duty.

22. As a proximate result of that breach, Plaintiff suffered damages which include, but are not limited to medical specials, pain and suffering, and bodily injuries.

23. Employers, masters, and principals are vicariously liable for the torts committed by their employees, servants, and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

24. Accordingly, pursuant to N.R.S. 41.130, RAFAEL CONSTRUCTION, INC. is vicariously liable for the damages caused by its employees' actions and negligence, further encompassing the actions of those hired by RAFAEL CONSTRUCTION, INC. N.R.S. 41.130 states as follows:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.

25. Defendant was the employer, master, and principle of the remaining Defendants and other employees, agents, independent contractors and/or representatives who negligently failed to inspect, maintain and warn of dangerous conditions in and about the common walkways on the property.

26. As a proximate result of that breach, Plaintiff has suffered damages, which include but are not limited to bodily injury, past and future medical specials, past and future pain and suffering, and mental anguish.

**<u>SECOND CAUSE OF ACTION – NEGLIGENCE PER SE</u>**

**(DEFENDANT MAIKEL TORRES GARCIA)**

27. Plaintiff re-alleges paragraphs 1 through 26 as though fully set forth herein.

28. Nevada Revised Statutes Chapter 484 provides Rules of the Road which require drivers to obey the rules of the road.

29. These statutes are intended to protect classes of persons like Plaintiff.

30. These statutes are intended to, among other things, prevent injuries similar to the injuries suffered by Plaintiff.

31. Because Defendant MAIKEL TORRES GARCIA did not use due care in maneuvering his vehicle, failed to drive in a reasonably safe manner, and failed to maintain his travel lane, Defendant MAIKEL TORRES GARCIA was negligent per se.

32. As a result of Defendant MAIKEL TORRES GARCIA negligence per se, Plaintiff suffered damages as described in paragraph 26.

**THIRD CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**

**(DEFENDANT RAFAEL CONSTRUCTION, INC.)**

33. Plaintiff re-alleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant RAFAEL CONSTRUCTION, INC. owed a duty of due and reasonable care to adequately investigate, hire, supervise, retain and/or train its employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to Defendant MAIKEL TORRES GARCIA.

35. Plaintiff is informed and believes and therefore alleges that Defendant RAFAEL CONSTRUCTION, INC. breached their duty by failing to adequately investigate, hire, supervise, retain and/or train its employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to Defendant MAIKEL TORRES GARCIA.

36. As a result of said Defendant RAFAEL CONSTRUCTION, INC.'s failure to adequately investigate, hire, supervise, retain and/or train its employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to Defendant MAIKEL TORRES GARCIA, Defendant MAIKEL TORRES GARCIA was placed in a position unsuitable and/or inadequately trained individuals should not have held.

37. As a direct and proximate result of Defendant RAFAEL CONSTRUCTION, INC.'s negligence as alleged herein, Plaintiffs have suffered and continue to suffer injuries entitling them to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

**FOURTH CAUSE OF ACTION–STRICT PRODUCTS LIABILITY**

**(FCA US LLC)**

38. Plaintiff re-alleges paragraphs 1 through 37 as though fully set forth herein.

39. The subject vehicle was designed, tested, manufactured, inspected, constructed, and maintained by Defendant FCA US LLC and was defective, in that it was designed, tested, manufactured, inspected, constructed, and maintained with characteristics that rendered it unsafe.

40. The subject vehicle, A 2012 Ram 1500 Pickup Truck, and its component parts that were designed, tested, manufactured, inspected, constructed, maintained, marketed, sold and distributed by Defendant FCA US LLC were unreasonably dangerous and defective, in that they were designed, tested, manufactured, inspected, constructed, maintained, marketed, and distributed with characteristics that rendered them unsafe for the use for which they were intended in light of their nature and intended function or for reasonably foreseeable uses.

41. The subject vehicle and its component parts failed to perform as expected and were more dangerous than expected by an ordinary consumer.

42. The defects existed in the subject vehicle and its component parts at the time they left the control of Defendant FCA US LLC and continued in the defective condition until the subject incident. Defendant FCA US LLC designed, tested, manufactured, inspected, constructed, maintained, distributed, and sold the subject vehicle and further failed to warn of the defective condition of the subject vehicle and its component parts.

43. Defendant FCA US LLC are strictly liable for the unreasonably dangerous and defective condition of the subject vehicle.

44. Defendant FCA US LLC breached their express and implied warranties with respect to the subject vehicle and its component parts.

45. Upon information and belief, at the time of the aforesaid collision, the subject vehicle and its component parts were in the same condition as when they left the control of Defendant FCA US LLC who manufactured them and were being used without any substantial change or alteration in their condition.

46. Upon information and belief, the subject 2012 Ram Pickup 1500 Truck was defective causing the attached trailer to detach from the 2012 Ram Pickup 1500 Truck.

47. On March 18, 2018, Defendant MAIKEL TORRES GARCIA operated the Subject 2012 Ram Pickup 1500 Truck. While towing a trailer, the trailer became loose and detached causing a severe collision resulting in Plaintiff's injuries.

48. As a direct and proximate result of Defendants' defective product, negligence, conduct, breach, Plaintiff suffered and continues to suffer injuries entitling her to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

**FIFTH CAUSE OF ACTION–STRICT PRODUCTS LIABILITY**

**(ROE 1 – TRAILER MANUFACTURER)**

49. Plaintiff re-alleges paragraphs 1 through 48 as though fully set forth herein.

50. The subject trailer was designed, tested, manufactured, inspected, constructed, and maintained by Defendant ROE 1–Trailer Manufacturer and was defective, in that it was designed, tested, manufactured, inspected, and constructed.

51. The subject trailer and its component parts that were designed, tested, manufactured, inspected, constructed, maintained, marketed, sold and distributed by Defendant ROE 1–Trailer Manufacturer were unreasonably dangerous and defective, in that they were designed, tested, manufactured, inspected, constructed, maintained, marketed, and distributed with characteristics that rendered the trailer unsafe for the use for which it was intended in light of their nature and intended function or for reasonably foreseeable uses.

52. The subject trailer and its component parts failed to perform as expected and were more dangerous than expected by an ordinary consumer.

53. The defects existed in the subject trailer and its component parts at the time they left the control of Defendant ROE 1–Trailer Manufacturer and continued in the defective condition until the subject incident. Defendant ROE 1–Trailer Manufacturer designed, tested, manufactured, inspected, constructed, maintained, distributed, and sold the subject trailer and further failed to warn of the defective condition of the subject trailer and its component parts.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

54. Defendant ROE 1–Trailer Manufacturer is strictly liable for the unreasonably dangerous and defective condition of the subject trailer.

55. Defendant ROE 1–Trailer Manufacturer breached its express and implied warranties with respect to the subject trailer and its component parts.

56. Upon information and belief, at the time of the aforesaid collision, the Subject trailer and its component parts were in the same condition as when they left the control of Defendant ROE 1–Trailer Manufacturer who manufactured them and were being used without any substantial change or alteration in their condition.

57. On March 18, 2018, Defendant MAIKEL TORRES GARCIA operated the Subject 2012 Ram Pickup 1500 Truck. While towing the Subject Trailer, the trailer became loose and detached causing a severe collision resulting in Plaintiff's injuries.

58. As a direct and proximate result of Defendant ROE 1–Trailer Manufacturer's defective product, negligence, conduct, breach, Plaintiff suffered and continues to suffer injuries entitling her to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

**SIXTH CAUSE OF ACTION–STRICT PRODUCTS LIABILITY**

**(ROE 2 – HITCH MANUFACTURER)**

59. Plaintiff re-alleges paragraphs 1 through 58 as though fully set forth herein.

60. The subject hitch was designed, tested, manufactured, inspected, constructed, and maintained by Defendant ROE 2–Hitch Manufacturer and was defective, in that it was designed, tested, manufactured, inspected, constructed, and maintained with characteristics that rendered it unsafe.

61. The subject hitch and its component parts that were designed, tested, manufactured, inspected, constructed, maintained, marketed, sold and distributed by Defendants were unreasonably dangerous and defective, in that they were designed, tested, manufactured, inspected, constructed, maintained, marketed, and distributed with characteristics that rendered them unsafe for the use for which they were intended in light of their nature and intended function or for reasonably foreseeable uses.

62. The subject hitch and its component parts failed to perform as expected and were more dangerous than expected by an ordinary consumer.

63. The defects existed in the subject hitch and its component parts at the time they left the control of Defendant ROE 2–Hitch Manufacturer and continued in the defective condition until the subject incident. Defendant ROE 2–Hitch Manufacturer designed, tested, manufactured, inspected, constructed, maintained, distributed, and sold the subject hitch and further failed to warn of the defective condition of the subject vehicle and its component parts.

64. Defendant ROE 2–Hitch Manufacturer is strictly liable for the unreasonably dangerous and defective condition of the subject hitch.

65. Defendant ROE 2–Hitch Manufacturer breached its express and implied warranties with respect to the subject hitch and its component parts.

66. Upon information and belief, at the time of the aforesaid collision, the subject hitch and its component parts were in the same condition as when they left the control of Defendant ROE 2–Hitch Manufacturer who manufactured them and were being used without any substantial change or alteration in their condition.

67. On March 18, 2018, Defendant MAIKEL TORRES GARCIA operated the subject 2012 Ram Pickup 1500 Truck while towing a trailer, the trailer became loose and detached causing a severe collision resulting in Plaintiff's injuries.

68. As a direct and proximate result of Defendants' defective product, negligence, conduct, breach, Plaintiff suffered and continues to suffer injuries entitling her to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

**SEVENTH CAUSE OF ACTION–NEGLIGENT FAILURE TO INSPECT AND WARN**

**(ROE 1, ROE 2, FCA)**

69. Plaintiff re-alleges paragraphs 1 through 68 as though fully set forth herein.

70. Defendants ROE 1, ROE 2, and FCA inspected the aforementioned 2012 Ram Pickup 1500 Truck, Trailer, and Hitch before March 18, 2018 and knew or should have known that the vehicle was defective in design and/or manufacture and failed to warn Plaintiff of the dangerous condition.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

71. That the failure to inspect and warn was a proximate cause of the injuries and damages hereto alleged as was further a willful and conscious disregard of known unsafety, thereby entitle Plaintiff to an award of general and punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

**CONCLUSION**

Plaintiff has been required to retain the services of an attorney to prosecute this action.

**WHEREFORE**, Plaintiff, expressly reserving the right to amend this Complaint, prays for judgment against Defendants as follows:

1. General damages in excess of $15,000;
2. Special damages in excess of $15,000;
3. Punitive damages in excess of $15,000;
4. Attorney's fees and costs;
5. Interest at the statutory rate; and
6. For such other and further relief as the Court deems just and proper.

DATED this 21st day of November, 2018.

LASSO INJURY LAW, LLC

By: ____________________

Al Lasso, Esq.
Nevada Bar No. 8152
Evan K. Simonsen, Esq.
Nevada Bar No. 13762
10161 Park Run Drive
Las Vegas, NV 89145
*Attorneys for Plaintiff*

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

**Exhibit C**

Electronically Filed
5/23/2019 10:22 AM
Steven D. Grierson
CLERK OF THE COURT

ACOM
AL LASSO, ESQ.
Nevada Bar No. 8152
EVAN K. SIMONSEN, ESQ.
Nevada Bar No. 13762
**LASSO INJURY LAW, LLC.**
10161 Park Run Drive, Ste. 150
Las Vegas, NV 89145
al@lassoinjurylaw.com
evan@lassoinjurylaw.com
Tel: 702.625.8777
Fax: 702.835.6981
*Attorneys for Plaintiff*

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

ELVIRA MELENDEZ, an Individual,

Plaintiff,

v.

MAIKEL TORRES GARCIA, an Individual; JOSE RAVELO RODRIGUE, an Individual; RAFAEL CONSTRUCTION, INC., a Domestic Corporation; FCA US LLC, a Foreign Limited-Liability Company; DRAW-TITE, INC., a Foreign Profit Corporation; ROE 1 – Trailer Manufacturer; ROE 2 – Hitch Manufacturer; DOES II-X, inclusive, and ROE CORPORATIONS IV-X, inclusive,

Defendants.

CASE NO.: A-18-784890-c
DEPT NO.: 24

**AMENDED COMPLAINT**

Comes Now, Plaintiff ELVIRA MELENDEZ, by and through her counsel of record, AL LASSO, ESQ. and EVAN K. SIMONSEN, ESQ. of LASSO INJURY LAW, LLC., and for the Plaintiff's claims for relief against the Defendants, alleges and complains against Defendants as follow:

**JURISDICTION**

1. All the events alleged in this Complaint took place in Clark County, Nevada.
2. Plaintiff, ELVIRA MELENDEZ, is, and at all times mentioned in this Complaint was, a resident of Clark County, Nevada.
3. Defendant, MAIKEL TORRES GARCIA, is, and at all times mentioned in this Complaint was, a resident of Clark County, Nevada.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

4. Upon information and belief, Defendant JOSE RAVELO RODRIGUE, is, and at all times mentioned in this Complaint was, a resident of Clark County, Nevada.

5. Defendant, RAFAEL CONSTURCTION, INC. was, and at all times mentioned in this Complaint were, a domestic corporation doing business in Clark County, Nevada.

6. Defendant, FCA US LLC, a foreign limited-liability company (hereinafter "FCA" or "DODGE"), was, and continues to be, a Delaware Corporation duly authorized and conducting business in the County of Clark, State of Nevada. Defendant designed, manufactured, marketed, promoted, distributed and sold the vehicle that is the subject of this lawsuit. Defendant did these acts within the State of Nevada and/or directed them toward consumers in the State of Nevada.

7. Defendant DRAW-TITE, INC., was, and continues to be a Michigan Corporation duly authorized and conducting business in the County of Clark, State of Nevada. Defendant designed, manufactured, marketed, promoted, distributed and sold the trailer ball mount, trailer ball, and/or hitch pin that is/are at issue in this lawsuit. Defendant did these acts within the State of Nevada and/or directed them towards consumers in the State of Nevada.

8. The true names and capacities of the Defendants DOE II through X and the Defendants ROE CORPORATIONS I, II and IV through X are unknown to Plaintiff at this time. Therefore, Plaintiff sues these Defendants by such fictitious names and when their true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff believes each of these Defendants designated as a DOE or ROE is responsible in some manner for the injuries and damages suffered by Plaintiff.

**SPECIFIC ALLEGATIONS**

9. At all times material to this Complaint, the acts and omissions giving rise to this action occurred in Clark County, Nevada.

10. On or about March 18, 2018, Plaintiff ELVIRA MELENDEZ, was a driver in a 1997 Honda Civic traveling westbound in the #1 travel lane on Lake Mead Boulevard, near the intersection with Saylor Way in Las Vegas, Nevada.

11. Defendant MAIKEL TORRES GARCIA was operating a 2012 Ram Pickup 1500 truck, towing a 12-foot open trailer, manufactured by ROE 1, connected by a hitch, manufactured by ROE 2.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

12. The subject 12-foot open trailer was connected to a trailer ball and mount, manufactured by Defendant DRAW-TITE, INC.

13. The 12-foot open trailer is, and at all times relevant hereto was, owned by Defendant JOSE RAVELO RODRIGUE.

14. Upon information and belief, on or about March 18, 2018, Defendant JOSE RAVELO RODRIGUE permitted Defendant MAIKEL TORRES GARCIA to use the subject 12-foot open trailer to transport lumber.

15. Upon information and belief, Defendant JOSE RAVELO RODRIGUE permitted Defendant MAIKEL TORRES GARCIA to use the subject 12-foot open trailer on numerous occasions before and after March 18, 2018.

16. Upon information and belief, Defendant JOSE RAVELO RODRIGUE had knowledge of the trailer hitch, trailer ball mount, trailer ball, and hitch pin that Defendant MAIKEL TORRES GARCIA used when towing the subject 12-foot open trailer.

17. Upon information and belief, Defendant JOSE RAVELO RODRIGUE was present when Defendant MAIKEL TORRES GARCIA attached the subject 12-foot open trailer to the subject 2012 Dodge Ram 1500 Pickup truck.

18. Upon information and belief, Defendant JOSE RAVELO RODRIGUE attached and/or assisted in attaching the subject 12-foot open trailer to the subject 2012 Dodge Ram 1500 Pickup truck.

19. Defendant MAIKEL TORRES GARCIA was traveling eastbound in the #1 travel lane on Lake Mead Boulevard, near the intersection with Saylor Way when his trailer became loose and unbalanced causing his trailer, loaded with lumber, to fishtail between the #1 travel lane and the center turn lane as he erratically proceeded eastbound on Lake Mead Boulevard.

20. Defendant MAIKEL TORRES GARCIA's loose trailer fish-tailed more-and-more, eventually resulting in the left side of his trailer crashing into the front left of Plaintiff's vehicle as she traveled westbound on Lake Mead Boulevard.

21. After the crash, Defendant MAIKEL TORRES GARCIA's truck spun out of control, with his detached trailer coming to a rest facing northeast in the center turn lane while his truck came to a rest facing southwest in the eastbound travel lane of Lake Mead Boulevard.

22. The impact caused Plaintiff ELVIRA MELENDEZ's 1997 Honda Civic to spin in a northeast direction finally coming to a rest facing southwest on Lake Mead Boulevard.

23. Due to the high velocity impact, causing significant property damage to Plaintiff's vehicle, Plaintiff ELVIRA MELENDEZ suffered incapacitating injuries to her body at the scene of the collision and had to be extracted from her 1997 Honda Civic by mechanical means.

24. Following the crash, an on-site investigation was performed by Officer Fernandez, ID#13997 of the Las Vegas Metropolitan Police Department; Defendant MAIKEL TORRES GARCIA was cited for failure to maintain vehicle within a single lane.

25. Upon information and belief, on or about March 18, 2018, Defendant MAIKEL TORRES GARCIA was an agent and/or employee of Defendant RAFAEL CONSTURCTION, INC. acting within the course and scope of his employment, thereby making Defendant RAFAEL CONSTURCTION, INC. vicariously and legally responsible for the negligent conduct of Defendant MAIKEL TORRES GARCIA as alleged in this Complaint.

26. At all times mentioned, Defendant FCA US LLC (hereinafter "FCA"), did business in the State of Nevada, and were the designers, manufactures, distributor and sellers of a certain 2012 Ram Pickup 1500 truck, including component parts, vehicle identification number 1C6RD6FP7CS302811, hereinafter referred to as the "subject vehicle".

27. As a direct and proximate result of the defects in the subject vehicle and the negligence of the Defendants, Plaintiff suffered incapacitating injuries, including bodily injury, pain, and suffering.

**FIRST CAUSE OF ACTION – NEGLIGENCE**

**(DEFENDANTS MAIKEL TORRES GARCIA, JOSE RAVELO RODRIGUE, and RAFAEL CONSTRUCTION, INC.)**

28. Plaintiff re-allege paragraphs 1 through 27 as though fully set forth herein.

29. Defendant JOSE RAVELO RODRIGUE owed a duty to Plaintiff to use due care in attaching and/or assisting in attaching the subject 12-foot open trailer to the subject vehicle so as to ensure that the Defendant MAIKEL TORRES GARCIA would be able to maintain control of the subject 12-foot open trailer while towing it in an appropriate and reasonably safe manner.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

30. Defendant JOSE RAVELO RODRIGUE owed a duty to Plaintiff not to attach and/or assist in attaching the subject 12-foot open trailer to a trailer ball and/or trailer ball mount that is and/or were inadequate for towing the subject 12-foot trailer.

31. Because Defendant JOSE RAVELO RODRIGUE did not use due care in attaching the subject 12-foot open trailer to the hitch on Defendant MAIKEL TORRES GARCIA's 2012 Dodge Ram 1500 Pickup truck, Defendant JOSE RAVELO RODRIGUE breached that duty.

32. As a proximate result of that breach, Plaintiff suffered damages which include, but are not limited to medical specials, pain and suffering, and bodily injuries.

33. Defendant MAIKEL TORRES GARCIA owed Plaintiff a duty to use due care in maneuvering his vehicle, a duty to drive in a reasonably safe manner, and a duty to maintain his vehicle and attached trailer in his travel lane.

34. Because Defendant MAIKEL TORRES GARCIA did not use due care in maneuvering his vehicle, failed to drive in a reasonably safe manner, and failed to maintain his trailer and vehicle within his travel lane, Defendant MAIKEL TORRES GARCIA breached that duty.

35. Employers, masters, and principals are vicariously liable for the torts committed by their employees, servants, and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

36. Accordingly, pursuant to N.R.S. 41.130, RAFAEL CONSTURCTION, INC. is vicariously liable for the damages caused by its employees' actions and negligence, further encompassing the actions of those hired by RAFAEL CONSTURCTION, INC. N.R.S. 41.130 states as follows:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for the conduct of the person causing the injury, that other person or corporation so responsible is liable to the person injured for damages.

37. Defendant was the employer, master, and principle of the remaining Defendants and other employees, agents, independent contractors and/or representatives who negligently failed to inspect, maintain and warn of dangerous conditions in and about the common walkways on the property.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

38. As a proximate result of that breach, Plaintiff has suffered damages, which include but are not limited to bodily injury, past and future medical specials, past and future pain and suffering, and mental anguish.

**SECOND CAUSE OF ACTION – NEGLIGENCE PER SE**

**(DEFENDANT MAIKEL TORRES GARCIA)**

39. Plaintiff re-alleges paragraphs 1 through 38 as though fully set forth herein.

40. Nevada Revised Statutes Chapter 484 provides Rules of the Road which require drivers to obey the rules of the road.

41. These statutes are intended to protect classes of persons like Plaintiff.

42. These statutes are intended to, among other things, prevent injuries similar to the injuries suffered by Plaintiff.

43. Because Defendant MAIKEL TORRES GARCIA did not use due care in maneuvering his vehicle, failed to drive in a reasonably safe manner, and failed to maintain his travel lane, Defendant MAIKEL TORRES GARCIA was negligent per se.

44. As a result of Defendant MAIKEL TORRES GARCIA negligence per se, Plaintiff suffered damages as described in paragraph 26.

**THIRD CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION AGAINST DEFENDANT RAFAEL CONSTURCTION, INC.**

**(DEFENDANT RAFAEL CONSTRUCTION, INC.)**

45. Plaintiff re-alleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendant RAFAEL CONSTURCTION, INC. owed a duty of due and reasonable care to adequately investigate, hire, supervise, retain and/or train its employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to Defendant MAIKEL TORRES GARCIA.

47. Plaintiff is informed and believes and therefore alleges that Defendant RAFAEL CONSTURCTION, INC. breached their duty by failing to adequately investigate, hire, supervise, retain and/or train its employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to Defendant MAIKEL TORRES GARCIA.

48. As a result of said Defendant RAFAEL CONSTURCTION, INC.'s failure to adequately investigate, hire, supervise, retain and/or train its employees, agents, managers, officers, directors, independent contractors and/or servants, including, but not limited to Defendant MAIKEL TORRES GARCIA, Defendant MAIKEL TORRES GARCIA was placed in a position unsuitable and/or inadequately trained individuals should not have held.

49. As a direct and proximate result of Defendant RAFAEL CONSTURCTION, INC.'s negligence as alleged herein, Plaintiff has suffered and continue to suffer injuries entitling them to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

**FOURTH CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT**

**(DEFENDANT JOSE RAVELO RODRIGUE)**

50. Plaintiff re-alleges paragraphs 1 through 49 as though fully set forth herein.

51. Defendant JOSE RAVELO RODRIGUE owed a duty of care to the Plaintiff not to entrust the subject 12-foot trailer to someone who would not use reasonable care when towing the subject vehicle.

52. Defendant JOSE RAVELO RODRIGUE knew, or should have known, that Defendant MAIKEL TORRES GARCIA would not use reasonable care when towing the subject 12-foot open trailer.

53. Defendant JOSE RAVELO RODRIGUE nevertheless entrusted the subject 12-foot open trailer to Defendant MAIKEL TORRES GARCIA, thereby breaching his duty to Plaintiff.

54. Defendant JOSE RAVELO RODRIGUE owed a duty of care to the Plaintiff not to entrust the subject 12-foot open trailer to someone whose vehicle, trailer hitch, trailer ball, and/or trailer ball mount were defective and/or inadequate for towing the subject 12-foot open trailer.

55. Upon information and belief, Defendant MAIKEL TORRES GARCIA's 2012 Ram 1500 Pickup truck, trailer hitch, trailer ball and/or trailer mount were defective.

56. Upon information and belief, Defendant MAIKEL TORRES GARCIA's 2012 Ram 1500 Pickup truck, trailer hitch, trailer ball and/or trailer mount were inadequate for towing the subject 12-foot open trailer and/or were inadequate for towing the quantity and/or weight of lumber that Defendant MAIKEL TORRES GARCIA was towing on March 18, 2018.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

57. Defendant JOSE RAVELO RODRIGUE nevertheless entrusted the subject 12-foot open trailer to Defendant MAIKEL TORRES GARCIA, thereby breaching his duty to Plaintiff.

58. As a proximate result of the above breaches, Plaintiff suffered damages which include, but are not limited to medical specials, pain and suffering, and bodily injuries.

59. As a direct and proximate result of Defendant JOSE RAVELO RODRIGUE's negligent entrustment as alleged herein, Plaintiff has suffered and continues to suffer injuries entitling her to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

**FIFTH CAUSE OF ACTION – STRICT PRODUCTS LIABILITY**

**(FCA US LLC)**

60. Plaintiff re-alleges paragraphs 1 through 59 as though fully set forth herein.

61. The subject vehicle was designed, tested, manufactured, inspected, constructed, and maintained by Defendant FCA US LLC and was defective, in that it was designed, tested, manufactured, inspected, constructed, and maintained with characteristics that rendered it unsafe.

62. The subject vehicle, a 2012 Ram 1500 Pickup Truck, and its component parts that were designed, tested, manufactured, inspected, constructed, maintained, marketed, sold and distributed by Defendant FCA US LLC were unreasonably dangerous and defective, in that they were designed, tested, manufactured, inspected, constructed, maintained, marketed, and distributed with characteristics that rendered them unsafe for the use for which they were intended in light of their nature and intended function or for reasonably foreseeable uses.

63. The subject vehicle and its component parts failed to perform, as expected and were more dangerous than expected by an ordinary consumer.

64. The defects existed in the subject vehicle and its component parts at the time they left the control of Defendant FCA US LLC and continued in the defective condition until the subject incident. Defendant FCA US LLC designed, tested, manufactured, inspected, constructed, maintained, distributed, and sold the subject vehicle and further failed to warn of the defective condition of the subject vehicle and its component parts.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

65. Defendant FCA US LLC are strictly liable for the unreasonably dangerous and defective condition of the subject vehicle.

66. Defendant FCA US LLC breached their express and implied warranties with respect to the subject vehicle and its component parts.

67. Upon information and belief, at the time of the aforesaid collision, the subject vehicle and its component parts were in the same condition as when they left the control of Defendant FCA US LLC who manufactured them and were being used without any substantial change or alteration in their condition.

68. Upon information and belief, the subject 2012 Ram Pickup 1500 Truck was defective causing the attached trailer to detach from the 2012 Ram Pickup 1500 Truck.

69. On March 18, 2018, Defendant MAIKEL TORRES GARCIA operated the subject 2012 Ram Pickup 1500 Truck while towing a trailer, the trailer became loose and detached causing a severe collision resulting in Plaintiff's injuries.

70. As a direct and proximate result of Defendants' defective product, negligence, conduct, breach, Plaintiff suffered and continues to suffer injuries entitling her to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

**SIXTH CAUSE OF ACTION – STRICT PRODUCTS LIABILITY**

**(DRAW-TITE, INC.)**

71. Plaintiff re-alleges paragraphs 1 through 70 as though fully set forth herein.

72. The trailer ball, trailer ball mount and/or the hitch pin were designed, tested, manufactured, inspected, constructed, and maintained by Defendant DRAW-TITE, INC and were defective, in that they were designed, tested, manufactured, inspected, constructed, and maintained with characteristics that rendered them unsafe.

73. The trailer ball, trailer ball mount, hitch pin and/or component parts that were designed, tested, manufactured, inspected, constructed, maintained, marketed, sold and distributed by Defendant DRAW-TITE, INC. were unreasonably dangerous and defective, in that they were designed, tested, manufactured, inspected, constructed, maintained, marketed, and distributed with

characteristics that rendered them unsafe for the use for which they were intended in light of their nature and intended function or for reasonably foreseeable uses.

74. The trailer ball, trailer ball mount, hitch pin and/or component parts failed to perform as expected and were more dangerous than expected by an ordinary consumer.

75. The defects existed in the trailer ball, trailer ball mount, hitch pin and/or component parts at the time they left the control of Defendant DRAW-TITE, INC. and continued in the defective condition until the subject incident. Defendant DRAW-TITE, INC. designed, tested, manufactured, inspected, constructed, maintained, distributed, and sold the subject vehicle and further failed to warn of the defective condition of the subject vehicle and its component parts.

76. Defendant DRAW-TITE, INC. is strictly liable for the unreasonably dangerous and defective condition of the subject vehicle.

77. Defendant DRAW-TITE, INC. breached its express and implied warranties with respect to the trailer ball, trailer ball mount, hitch pin and/or component parts.

78. Upon information and belief, at the time of the aforesaid collision, the trailer ball, trailer ball mount, hitch pin and/or component parts were in the same condition as when they left the control of Defendant DRAW-TITE, INC. who manufactured them and were being used without any substantial change or alteration in their condition.

79. Upon information and belief, the trailer ball, trailer ball mount, hitch pin and/or component parts were defective causing the attached subject 12-foot open trailer to detach from the subject vehicle.

80. On March 18, 2018, Defendant MAIKEL TORRES GARCIA operated the subject vehicle while towing the subject 12-foot open trailer, the trailer became loose and detached causing a severe collision resulting in Plaintiff's injuries.

81. As a direct and proximate result of Defendants' defective product or products, negligence, conduct, breach, Plaintiff suffered and continues to suffer injuries entitling her to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

///

///

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

**SEVENTH CAUSE OF ACTION–STRICT PRODUCTS LIABILITY**

**(ROE 1 – TRAILER MANUFACTURER)**

82. Plaintiff re-alleges paragraphs 1 through 81 as though fully set forth herein.

83. The subject trailer was designed, tested, manufactured, inspected, constructed, and maintained by Defendant ROE 1–Trailer Manufacturer and was defective, in that it was designed, tested, manufactured, inspected, and constructed.

84. The subject trailer and its component parts that were designed, tested, manufactured, inspected, constructed, maintained, marketed, sold and distributed by Defendant ROE 1–Trailer Manufacturer were unreasonably dangerous and defective, in that they were designed, tested, manufactured, inspected, constructed, maintained, marketed, and distributed with characteristics that rendered the trailer unsafe for the use for which it was intended in light of their nature and intended function or for reasonably foreseeable uses.

85. The subject trailer and its component parts failed to perform as expected and were more dangerous than expected by an ordinary consumer.

86. The defects existed in the subject trailer and its component parts at the time they left the control of Defendant ROE 1–Trailer Manufacturer and continued in the defective condition until the subject incident. Defendant ROE 1–Trailer Manufacturer designed, tested, manufactured, inspected, constructed, maintained, distributed, and sold the subject trailer and further failed to warn of the defective condition of the subject trailer and its component parts.

87. Defendant ROE 1–Trailer Manufacturer are strictly liable for the unreasonably dangerous and defective condition of the subject trailer.

88. Defendant ROE 1–Trailer Manufacturer breached its express and implied warranties with respect to the subject trailer and its component parts.

89. Upon information and belief, at the time of the aforesaid collision, the subject trailer and its component parts were in the same condition as when they left the control of Defendant ROE 1–Trailer Manufacturer who manufactured them and were being used without any substantial change or alteration in their condition.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

90. On March 18, 2018, Defendant MAIKEL TORRES GARCIA operated the subject 2012 Ram Pickup 1500 Truck while towing a trailer, the trailer became loose and detached causing a severe collision resulting in Plaintiff's injuries.

91. As a direct and proximate result of Defendant ROE 1–Trailer Manufacturer's defective product, negligence, conduct, breach, Plaintiff suffered and continues to suffer injuries entitling her to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

**EIGHTH CAUSE OF ACTION–STRICT PRODUCTS LIABILITY**

**(ROE 2 – HITCH MANUFACTURE)**

92. Plaintiff re-alleges paragraphs 1 through 91 as though fully set forth herein.

93. The subject hitch was designed, tested, manufactured, inspected, constructed, and maintained by Defendant ROE 2–Hitch Manufacture and was defective, in that it was designed, tested, manufactured, inspected, constructed, and maintained with characteristics that rendered it unsafe.

94. The subject hitch and its component parts that were designed, tested, manufactured, inspected, constructed, maintained, marketed, sold and distributed by Defendants were unreasonably dangerous and defective, in that they were designed, tested, manufactured, inspected, constructed, maintained, marketed, and distributed with characteristics that rendered them unsafe for the use for which they were intended in light of their nature and intended function or for reasonably foreseeable uses.

95. The subject hitch and its component parts failed to perform as expected and were more dangerous than expected by an ordinary consumer.

96. The defects existed in the subject hitch and its component parts at the time they left the control of Defendant ROE 2–Hitch Manufacture and continued in the defective condition until the subject incident. Defendant ROE 2–Hitch Manufacture designed, tested, manufactured, inspected, constructed, maintained, distributed, and sold the subject hitch and further failed to warn of the defective condition of the subject vehicle and its component parts.

97. Defendant ROE 2–Hitch Manufacture is strictly liable for the unreasonably dangerous and defective condition of the subject hitch.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

98. Defendant ROE 2–Hitch Manufacture breached their express and implied warranties with respect to the subject hitch and its component parts.

99. Upon information and belief, at the time of the aforesaid collision, the subject hitch and its component parts were in the same condition as when they left the control of Defendant ROE 2–Hitch Manufacture who manufactured them and were being used without any substantial change or alteration in their condition.

100. On March 18, 2018, Defendant MAIKEL TORRES GARCIA operated the subject 2012 Ram Pickup 1500 Truck while towing a trailer, the trailer became loose and detached causing a severe collision resulting in Plaintiff's injuries.

101. As a direct and proximate result of Defendants' defective product, negligence, conduct, breach, Plaintiff suffered and continues to suffer injuries entitling her to monetary damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), as to be proved specifically at the time of trial.

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

**NINTH CAUSE OF ACTION–NEGLIGENT FAILURE TO INSPECT AND WARN**

**(ROE 1, ROE 2, FCA)**

102. Plaintiff re-alleges paragraphs 1 through 101 as though fully set forth herein.

103. Defendants ROE 1, ROE 2, and FCA inspected the aforementioned 2012 Ram Pickup 1500 Truck, Trailer, and Hitch before March 18, 2018 and knew or should have known that the vehicle was defective in design and/or manufacture and failed to warn Plaintiff of the dangerous condition.

104. That the failure to inspect and warn was a proximate cause of the injuries and damages hereto alleged as was further a willful and conscious disregard of known unsafety, thereby entitle Plaintiff to an award of general and punitive damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

**CONCLUSION**

Plaintiff has been required to retain the services of an attorney to prosecute this action.

**WHEREFORE**, Plaintiff, expressly reserving the right to amend this Complaint, prays for judgment against Defendants as follows:

1. General damages in excess of $15,000;

2. Special damages in excess of $15,000;
3. Punitive damages in excess of $15,000;
4. Attorney's fees and costs;
5. Interest at the statutory rate; and
6. For such other and further relief as the Court deems just and proper.

DATED this 23 day of May, 2019.

LASSO INJURY LAW, LLC

By: ______________________
Al Lasso, Esq.
Nevada Bar No. 8152
Evan K. Simonsen, Esq.
Nevada Bar No. 13762
10161 Park Run Drive
Las Vegas, NV 89145
*Attorneys for Plaintiff*

LASSO INJURY LAW
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
702-625-8777 • Fax 702-835-6981

# Exhibit D

Electronically Filed
9/12/2019 9:39 AM
Steven D. Grierson
CLERK OF THE COURT

**SODW**

Thomas R. Slezak, Jr., Esq.
Nevada Bar No. 5503
ROBERT L. CARDWELL & ASSOCIATES
2360 Corporate Circle, Ste. 425
Henderson, Nevada 89074
Telephone: 702-893-3388
Facsimile: 702-893-3389
Email: tslezak@aains.com
Attorney for Defendant
MAIKEL TORRES GARCIA

DISTRICT COURT

CLARK COUNTY, NEVADA

ELVIRA MELENDEZ, an Individual,

Plaintiff,

v.

MAIKEL TORRES GARCIA, an Individual; JOSE RAVELO RODRIGUE, an Individual; RAFAEL CONSTRUCTION, INC., a Domestic Corporation; FCA US LLC, a Foreign Limited Liability Company; DRAW-TITE, INC., a Foreign Profit Corporation; ROE 1 – Trailer Manufacturer; ROE 2 – Hitch Manufacturer; DOES I-X, inclusive and ROE CORPORATIONS III-X, inclusive.

Defendants.

CASE NO. A-18-784890-C
DEPT NO. 24

**STIPULATION AND ORDER FOR DISMISSAL OF DEFENDANT MAIKEL TORRES GARCIA WITH PREJUDICE**

**STIPULATION AND ORDER FOR DISMISSAL OF DEFENDANT MAIKEL TORRES GARCIA WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, through their respective counsel of record, that Plaintiff's Complaint against Defendant MAIKEL TORRES GARCIA shall be dismissed, with prejudice, with the parties to bear their own costs and attorneys' fees; and

IT IS FURTHER STIPULATED AND AGREED, that Defendant MAIKEL TORRES GARCIA may obtain, if applicable, the return of any jury demand fees previously submitted to the Court by him.

///

1804163341

The TRIAL DATE and SCHEDULING ORDER that have been issued shall remain in effect.

Stipulated and Agreed to:

Dated this 6th day of ~~August~~ September, 2019.

**LASSO INJURY LAW, LLC**

By: ______________________
Al Lasso, Esq.
Nevada Bar No. 8152
Evan K. Simonsen, Esq.
Nevada Bar No. 13762
10161 Park Run Drive, Ste. 150
Las Vegas, NV 89145
Attorney for Plaintiff
Elvira Melendez

Dated this 4th day of ~~August~~ Sept, 2019.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

By: ______________________
G. Mark Albright, Esq.
Nevada Bar No. 1394
Jorge L. Alvarez, Esq.
Nevada Bar No. 14466
801 South Rancho Drive, Suite D-4
Las Vegas, NV 89106
Attorney for Defendant
Jose Ravelo Rodriguez

Dated this 28 day of August, 2019.

**BOWMAN AND BROOKE LLP**

By: ______________________
Curtis J. Busby, Esq.
Nevada Bar No. 6581
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
Attorney for Defendant
FCA US LLC

Dated this ___ day of August, 2019.

**NERSESIAN & SANKIEWICZ**

By: ______________________
Robert A. Nersesian, Esq.
Nevada Bar No. 2762
528 South Eighth Street
Las Vegas, Nevada 89128
Attorney for Defendant
FCA US LLC

Dated this 5 day of ~~August~~ Sept, 2019.

**STEPHENSON & DICKINSON, P.C.**

By: ______________________
Bruce Scott Dickinson, Esq.
Nevada Bar No. 002297
2820 West Charleston Blvd., Suite B-17
Las Vegas, Nevada 89102
Attorney for Horizon Global Americas,Inc.

Dated this 3rd day of ~~August~~ Sept., 2019.

**ROBERT L. CARDWELL & ASSOCIATES**

By: ______________________
Thomas R. Slezak, Jr., Esq.
Nevada Bar No. 5503
2360 Corporate Circle, Ste. 425
Henderson, Nevada 89074
Attorney for Defendant Maikel Torres Garcia

CASE NO. A-18-784890-C
DEPT NO. 24

**ORDER**

Upon stipulation of the parties, by and through their respective counsel of record;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Complaint against Defendant MAIKEL TORRES GARCIA shall be dismissed with prejudice, each party to bear its own costs and attorneys' fees; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any jury fees deposited by Defendant MAIKEL TORRES GARCIA with this Court, be returned.

The TRIAL DATE and SCHEDULING ORDER that have been issued shall remain in effect.

DATED this 11 day of Sept, 2019.

DISTRICT COURT JUDGE

Submitted by:

ROBERT L. CARDWELL & ASSOCIATES

Thomas R. Slezak Jr., Esq.
Nevada Bar No. 5503
2360 Corporate Circle, Ste. 425
Henderson, Nevada 89074
Telephone: 702-893-3388
Facsimile: 702-893-3389
Email: tslezak@aains.com
Attorney for Defendant
MAIKEL TORRES GARCIA

Electronically Filed
6/5/2019 4:26 PM
Steven D. Grierson
CLERK OF THE COURT

SAO
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Gordon M. Park
Nevada Bar No. 7124
*gordon.park@mccormickbarstow.com*
Renee M. Maxfield
Nevada Bar No. 12814
*renee.maxfield@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone: (702) 949-1100
Facsimile: (702) 949-1101

*Attorneys for Defendant Rafael Construction, Inc.*

DISTRICT COURT

CLARK COUNTY, NEVADA

ELVIRA MELENDEZ, an Individual,

Plaintiff,

v.

MAIKEL TORRES GARCIA, an Individual; JOSE RAVELO RODRIGUE, an Individual; RAFAEL CONSTRUCTION, INC., a Domestic Corporation; FCA US LLC, a Foreign Limited-Liability Company; DRAW-TITE, INC., a Foreign Profit Corporation; ROE 1 - Trailer Manufacturer; ROE 2 - Hitch Manufacturer; DOES II-X, inclusive, and ROE CORPORATIONS IV-X, inclusive,

Defendants.

Case No. A-18-784890-C
Dept. No.: XXIV

**STIPULATION AND ORDER TO DISMISS RAFAEL CONSTRUCTION, INC. WITHOUT PREJUDICE**

IT IS HEREBY STIPULATED by the parties above named, by and through their respective counsel of record, that Defendant RAFAEL CONSTRUCTION, INC. be dismissed without prejudice. Plaintiff's claims against Defendants MAIKEL TORRES GARCIA, FCA US LLC, JOSE RAVELO RODRIQUE, and DRAW-TITE, INC. will remain.

///

///

Each party will bear their own costs and attorneys' fees.

Dated:________________, 2019

LASSO INJURY LAW, LLC

By:________________________

AL LASSO, ESQ.
Nevada Bar No. 8152
EVAN K. SIMONSEN, ESQ.
Nevada Bar No. 13762
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

Dated:________________, 2019

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:________________________

GORDON M. PARK, ESQ.
Nevada Bar No. 7124
RENEE M. MAXFIELD, ESQ.
Nevada Bar No. 12814
8337 W. Sunset Road, Suite 350
Las Vegas, Nevada 89113
*Attorneys for Defendant Rafael Construction, Inc.*

Dated:________________, 2019

BOWMAN AND BROOKE LLP

By:________________________

PAUL G. CEREGHINI, ESQ.
Nevada Bar No. 10000
CURTIS J. BUSBY, ESQ.
Nevada Bar No. 6581
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
*Attorneys for Defendant FCA US LLC*

Dated:________________, 2019

ROBERT L. CARDWELL & ASSOCIATES

By:________________________

THOMAS R. SLEZAK, JR., ESQ.
Nevada Bar No. 5503
2360 Corporate Circle, Suite 425
Henderson, Nevada 89074
*Attorneys for Defendant Maikel Torres Garcia*

Dated:________________, 2019

NERSESIAN & SANKIEWICZ

By:________________________

ROBERT A. NERSESIAN, ESQ.
Nevada Bar No. 2762
528 South Eighth Street
Las Vegas, Nevada 89101
*Attorneys for Defendant FCA US LLC*

///

///

///

///

Each party will bear their own costs and attorneys' fees.

Dated:_______________, 2019

LASSO INJURY LAW, LLC

By:_______________
AL LASSO, ESQ.
Nevada Bar No. 8152
EVAN K. SIMONSEN, ESQ.
Nevada Bar No. 13762
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

Dated:_______________, 2019

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:_______________
GORDON M. PARK, ESQ.
Nevada Bar No. 7124
RENEE M. MAXFIELD, ESQ.
Nevada Bar No. 12814
8337 W. Sunset Road, Suite 350
Las Vegas, Nevada 89113
*Attorneys for Defendant Rafael Construction, Inc.*

Dated: May 22, 2019

BOWMAN AND BROOKE LLP

By: [signature]
PAUL G. CEREGHINI, ESQ.
Nevada Bar No. 10000
CURTIS J. BUSBY, ESQ.
Nevada Bar No. 6581
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
*Attorneys for Defendant FCA US LLC*

Dated:_______________, 2019

ROBERT L. CARDWELL & ASSOCIATES

By:_______________
THOMAS R. SLEZAK, JR., ESQ.
Nevada Bar No. 5503
2360 Corporate Circle, Suite 425
Henderson, Nevada 89074
*Attorneys for Defendant Maikel Torres Garcia*

Dated:_______________, 2019

NERSESIAN & SANKIEWICZ

By:_______________
ROBERT A. NERSESIAN, ESQ.
Nevada Bar No. 2762
528 South Eighth Street
Las Vegas, Nevada 89101
*Attorneys for Defendant FCA US LLC*

///

///

///

///

Each party will bear their own costs and attorneys' fees.

Dated:_______________, 2019

LASSO INJURY LAW, LLC

By:_______________________

AL LASSO, ESQ.
Nevada Bar No. 8152
EVAN K. SIMONSEN, ESQ.
Nevada Bar No. 13762
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

Dated:_______________, 2019

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:_______________________

GORDON M. PARK, ESQ.
Nevada Bar No. 7124
RENEE M. MAXFIELD, ESQ.
Nevada Bar No. 12814
8337 W. Sunset Road, Suite 350
Las Vegas, Nevada 89113
*Attorneys for Defendant Rafael Construction, Inc.*

Dated:_______________, 2019

BOWMAN AND BROOKE LLP

By:_______________________

PAUL G. CEREGHINI, ESQ.
Nevada Bar No. 10000
CURTIS J. BUSBY, ESQ.
Nevada Bar No. 6581
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
*Attorneys for Defendant FCA US LLC*

Dated:_______________, 2019

ROBERT L. CARDWELL & ASSOCIATES

By:_______________________

THOMAS R. SLEZAK, JR., ESQ.
Nevada Bar No. 5503
2360 Corporate Circle, Suite 425
Henderson, Nevada 89074
*Attorneys for Defendant Maikel Torres Garcia*

Dated: May 22, 2019

NERSESIAN & SANKIEWICZ

By:_______________________

ROBERT A. NERSESIAN, ESQ.
Nevada Bar No. 2762
528 South Eighth Street
Las Vegas, Nevada 89101
*Attorneys for Defendant FCA US LLC*

///

///

///

///

Each party will bear their own costs and attorneys' fees.

Dated:________________, 2019

LASSO INJURY LAW, LLC

By:________________________
AL LASSO, ESQ.
Nevada Bar No. 8152
EVAN K. SIMONSEN, ESQ.
Nevada Bar No. 13762
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

Dated: May 23, 2019

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By:________________________
GORDON M. PARK, ESQ.
Nevada Bar No. 7124
RENEE M. MAXFIELD, ESQ.
Nevada Bar No. 12814
8337 W. Sunset Road, Suite 350
Las Vegas, Nevada 89113
*Attorneys for Defendant Rafael Construction, Inc.*

Dated:________________, 2019

BOWMAN AND BROOKE LLP

By:________________________
PAUL G. CEREGHINI, ESQ.
Nevada Bar No. 10000
CURTIS J. BUSBY, ESQ.
Nevada Bar No. 6581
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
*Attorneys for Defendant FCA US LLC*

Dated: 05/22, 2019

ROBERT L. CARDWELL & ASSOCIATES

By:________________________
THOMAS R. SLEZAK, JR., ESQ.
Nevada Bar No. 5503
2360 Corporate Circle, Suite 425
Henderson, Nevada 89074
*Attorneys for Defendant Maikel Torres Garcia*

Dated:________________, 2019

NERSESIAN & SANKIEWICZ

By:________________________
ROBERT A. NERSESIAN, ESQ.
Nevada Bar No. 2762
528 South Eighth Street
Las Vegas, Nevada 89101
*Attorneys for Defendant FCA US LLC*

///

///

///

///

**ORDER**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant RAFAEL CONSTRUCTION, INC. be dismissed from the above-entitled action without prejudice.

DATED this 3 day of June, 2019

By ______________________
DISTRICT COURT JUDGE

Submitted by:

DATED this 23 day of May, 2019

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By ______________________
Gordon M. Park
Nevada Bar No. 7124
Renee M. Maxfield
Nevada Bar No. 12814
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Tel. (702) 949-1100

Attorneys for Defendant Rafael Construction, Inc.

6002889.1

Electronically Filed
10/11/2019 10:16 AM
Steven D. Grierson
CLERK OF THE COURT

OGM
PAUL G. CEREGHINI
Nevada Bar No. 10000
CURTIS J. BUSBY
Nevada Bar No. 6581
**BOWMAN AND BROOKE LLP**
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
(602) 643-2300 (Telephone)
(602) 248-0947 (Facsimile)
paul.cereghini@bowmanandbrooke.com
curtis.busby@bowmanandbrooke.com

ROBERT A. NERSESIAN
Nevada Bar No. 2762
**NERSESIAN & SANKIEWICZ**
528 S. Eighth Street
Las Vegas, Nevada 89101
(702) 385-5454 (Telephone)
vegaslegal@aol.com

Attorneys for Defendants FCA US LLC

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| ELVIRA MELENDEZ, an Individual,<br>Plaintiff,<br>v.<br>MAIKEL TORRES GARCIA, an Individual; JOSE RAVELO RODRIGUEZ, an Individual; RAFAEL CONSTRUCTION, INC., a Domestic Corporation; FCA US LLC, a Foreign Limited Liability Company; DRAW-TITE, INC., a Foreign Profit Corporation; ROE 1 – Trailer Manufacturer; ROE 2 – Hitch Manufacturer; DOES II-X, inclusive, and ROE CORPORATIONS IV-X, inclusive,<br>Defendants. | Case No. A-18-784890-C<br>Dept No. 24<br>**ORDER GRANTING DEFENDANT FCA US LLC'S MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION AND ORDER BARRING FURTHER CLAIMS**<br>**Date of Hearing: Chambers**<br>**Time of Hearing: N/A** |

In this case, Plaintiff sued FCA US and others for personal injuries allegedly sustained in a motor vehicle accident that occurred on March 18, 2018 in Clark County, Nevada. Plaintiff claims she was driving on Lake Mead Boulevard when she was struck by a trailer

being towed behind defendant Maikel Torres Garcia's 2012 Dodge Ram truck. The investigating officer concluded the trailer became detached when the trailer hitch ball separated from the trailer hitch ball mount. FCA US, however, did not manufacture or otherwise provide the trailer ball hitch mount or the trailer ball with the Dodge Ram. No cognizable defect in warnings, construction, or design related to any part of the truck manufactured by FCA US has been uncovered. FCA US bears no liability in this case. Instead of pursuing further litigation, Plaintiff and FCA US, accordingly, have reached a settlement that meets the good faith standard.

Taking into consideration all relevant facts and circumstances, the court finds the settlement is made in good faith. Therefore, Defendant FCA US's Motion for Good Faith Settlement and Order Barring Further Claims filed August 15, 2019, having been examined by the Court; the Court noting that the motion was electronically served upon the parties and that no Opposition has been filed thereto and that there is good cause therefor:

**IT IS HEREBY ORDERED ADJUDGED AND DECREED** that FCA US's settlement, as described in its motion, is a good faith settlement made in accordance with NRS 17.245.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that FCA US's settlement (1) is the result of arm's length negotiations, (2) reflects the parties' relative fault or liability, (3) does no harm to non-settling defendants, (4) FCA US's financial condition is irrelevant, and (5) the settlement is not the product of collusion, fraud or tortious conduct.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that FCA US's settlement is just, fair and reasonable and, thus, the Motion for Good Faith Settlement Determination is hereby GRANTED pursuant to EDCR 2.20 and on the merits pursuant to the *In re MGM Grand Hotel Fire Litigation* factors.

. . .

. . .

. . .

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that any and all past, present and future claims, against FCA US in this action for contribution, equitable indemnity and/or implied indemnity are hereby barred.

Dated: Oct. 8, 2019

DISTRICT COURT JUDGE

Respectfully Submitted by:

**BOWMAN AND BROOKE LLP**
Paul G. Cereghini
Nevada Bar No. 10000
Curtis J. Busby
Nevada Bar No. 6581
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona 85012-2736

In conjunction with:

Robert A. Nersesian
Nevada Bar No. 2762
**NERSESIAN & SANKIEWICZ**
528 S. Eighth Street
Las Vegas, Nevada 89101

Attorneys for Defendant FCA US LLC

Sept. 20, 2019

# Register of Actions
## Case No. A-18-784890-C

Elvira Melendez, Plaintiff(s) vs. Maikel Garcia, Defendant(s)

| | |
|---|---|
| Case Type: | **Negligence - Auto** |
| Date Filed: | **11/21/2018** |
| Location: | **Department 24** |
| Cross-Reference Case Number: | **A784890** |

### Party Information

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **FCA US LLC.** | **Paul G. Cereghini**<br>*Retained* |
| **Defendant** | **Garcia, Maikel Torres** | **Thomas R Slezak**<br>*Retained*<br>702-893-3388(W) |
| **Defendant** | **Horizon Global Americas Inc** | **Bruce S. Dickinson**<br>*Retained*<br>7024747229(W) |
| **Defendant** | **Rafael Construction Inc.** | ~~**Gordon M. Park**~~<br>~~*Retained*~~<br>~~7020491100(W)~~ |
| **Defendant** | **Ravelo Rodrigue, Jose** | **George Mark Albright**<br>*Retained*<br>7023847111(W) |
| **Plaintiff** | **Melendez, Elvira** | **Albert N. Lasso**<br>*Retained*<br>702-625-8777(W) |

### Events & Orders of the Court

11/19/2019 **Motion for Good Faith Settlement** (9:00 AM) (Judicial Officer Crockett, Jim)
*Defendant Jose Ravelo Rodriguez's Motion for Good Faith Settlement*

**Minutes**
11/19/2019 9:00 AM
- No parties present; presence WAIVED. COURT NOTED appearances were waived. COURT ORDERED, Defendant Jose Ravelo Rodriguez's Motion for Good Faith Settlement GRANTED as unopposed. The Order was signed. COURT FURTHER ORDERED, Status Check SET regarding Filing of the Order. 01/16/20 9:00 AM STATUS CHECK: FILING OF ORDER

Return to Register of Actions